881 P.2d 1155

**In the Matter of a Suspended Member of the State Bar of Arizona, Stephen Eugene SECRIST, Bar No. 012878, Respondent.**

**No. SB–94–0062–D.**

**Comm. Nos. 91–1338, 91–2285 and 92–0083.**

Supreme Court of Arizona.

Sept. 23, 1994.

**JUDGMENT AND ORDER**

This matter having come on for hearing before the Disciplinary Commission of the Supreme Court of Arizona, it having duly rendered its decision and no timely appeal

therefrom having been filed, and the Court having declined sua sponte review,

IT IS ORDERED, ADJUDGED AND DECREED that **STEPHEN EUGENE SECRIST,** a member of the State Bar of Arizona, is hereby disbarred for conduct in violation of his duties and obligations as a lawyer, as disclosed in the commission report attached hereto as Exhibit A.

IT IS FURTHER ORDERED that pursuant to Rule 63(a), Rules of the Supreme Court of Arizona, **STEPHEN EUGENE SECRIST** shall notify all of his clients, within ten (10) days from the date hereof, of his inability to continue to represent them and that they should promptly retain new counsel, and shall promptly inform this court of his compliance with this Order as provided by Rule 63(d), Rules of the Supreme Court of Arizona.

IT IS FURTHER ORDERED that **STEPHEN EUGENE SECRIST** shall be assessed the costs of these proceedings in the amount of $615.70, together with interest at the legal rate from the date of this judgment.

## EXHIBIT A

## IN THE MATTER OF A SUSPENDED MEMBER OF THE STATE BAR OF ARIZONA,

STEPHEN EUGENE SECRIST,

Bar No. 012878

Respondent.

*DISCIPLINARY COMMISSION REPORT*

[Filed April 23, 1994.]

This matter came before the Disciplinary Commission of the Supreme Court of Arizona on March 12, 1994, for review of the record on appeal, pursuant to Rule 53(d), Ariz. R.S.Ct. The Commission considered the Hearing Committee's recommendation of disbarment. No objections to the Hearing Committee's recommendation were filed.

### Decision

By a unanimous vote of the eight members considering the matter,[1] the Commission adopts the recommendation of the Hearing Committee that the respondent, Stephen Eugene Secrist ("Secrist"), be disbarred. The Commission also unanimously adopts the findings of fact and conclusions of law of the Hearing Committee.

### Facts

Secrist filed a Chapter 7 bankruptcy in 1990 on behalf of Client A. When Client A indicated she also wished to discharge student loan obligations, Secrist agreed to file an adversary proceeding on her behalf, provided that she pay him an additional $560 in attorney's fees. Although Client A paid the $560, Secrist did not file the adversary proceeding within the applicable time limitations. Client A's numerous attempts to communicate with Secrist regarding her case were unsuccessful. Additionally, Secrist misinformed Client A concerning her ability to resolve her student loan obligation, which did not qualify for discharge under the Bankruptcy Code.

Secrist represented Client B in July 1990 in a personal injury action. During this representation, Secrist signed a medical lien on Client B's behalf in favor of Midtown OCT and MRI, which authorized Secrist to pay directly to Midtown any sums due and owing from its treatment of Client B. Despite Secrist's signing of this lien, he never responded to Midtown's requests about the status of the case, nor did he advise it as to any possible settlement in the matter.

In October 1990 Secrist received a $520 retainer to handle a bankruptcy matter for Client C. Secrist did not diligently handle the matter, however, and the bankruptcy was dismissed due to his failure to file a plan as needed by the court. Despite repeated assurances, Secrist failed to remedy the situation. Although he eventually told Client C that he would refund the retainer, he failed to do so. Throughout his representation, Secrist also failed to respond to Client C's requests for information.

1. Commissioner Doyle did not participate in these proceedings.

In all three of these matters, Secrist failed to cooperate with the State Bar's investigations. He ignored four letters sent by the State Bar, over a five month period, concerning Client A. The fifth letter sent by the Bar notified Secrist that his deposition was scheduled for the following month. Secrist finally submitted a written response to the State Bar just two days before the scheduled date of the deposition. He also failed to respond to the two letters from the State Bar concerning Client B, as well as the two concerning Client C.

The complaint charged Secrist with violating ER 1.1, ER 1.3, ER 1.4, ER 1.5, ER 1.15, ER 1.16, ER 8.1, and Supreme Court Rule 51(h) and (i).

### Procedural History

Aside from his response to the State Bar's fifth letter requesting information on the matter involving Client A, Secrist has not participated in the disciplinary process. As Secrist resides outside of Arizona, the complaint was served upon the clerk of the Supreme Court.[2] As Secrist failed to respond, the complaint was deemed admitted.[3] All subsequent relevant pleadings were served in the same manner. Secrist was notified of his right to be heard in mitigation and failed to respond. Secrist was notified of the opportunity to object to the Hearing Committee's report and to file a statement on review before the Commission. Secrist did not object to the Hearing Committee's report, did not file a statement on review, and did not request oral argument before the Commission.

### Discussion of Decision

The Commission agrees with the Committee's finding that Secrist violated all of the ethical rules charged in the complaint.

**2.** Prior to June 1, 1993, Rule 55(b)(6) provided that the Clerk of the Supreme Court be the designated agent for service of all filings as to a respondent who has been absent from the state of Arizona for a continuous period of more than thirty days. As of June 1, 1993, that rule provides that the Disciplinary Clerk is the designated agent for service.

The American Bar Association's *Standards for Imposing Lawyer Sanctions* are used by the Court in considering the appropriate sanction for a violation of the Rules of Professional Conduct. *In re Ockrassa*, 165 Ariz. 576, 799 P.2d 1350 (1990). Using this same guideline, the Commission concludes that disbarment is the only appropriate response to Secrist's abandonment of his clients' cases.

The majority of Secrist's conduct can be characterized as a lack of diligence, which is addressed by Standard 4.4. Standard 4.41 provides for disbarment when a lawyer abandons the practice, knowingly fails to perform services for a client, or engages in a pattern of neglect with respect to client matters, and causes serious or potentially serious injury to a client. Secrist knowingly failed to perform services for three clients. This pattern of neglect can only be interpreted as abandonment. The potential for serious injury is obvious when a lawyer simply abandons his clients' cases.

Secrist's mishandling of these clients' matters was appalling. He failed to competently and diligently represent any of these clients by failing to provide the services for which he was retained; failing to respond to the clients' questions about their cases; failing to protect and deliver funds in which a third party, Midtown, had an interest; and failing, upon termination of his relationship with Client C, to refund an advance payment of fees that were clearly not earned. In addition, his repeated lack of response to the State Bar in its investigations into all three matters is a violation of the duty he has to the legal profession to uphold the self-regulation that is vital to the disciplinary system.

Secrist has made virtually no effort, either in his handling of the underlying matters or during these disciplinary proceedings, to explain his actions or express any remorse. He did not answer the complaint, did not request

All documents were sent by certified mail to Secrist's address of record.

**3.** Rule 53(c)(1) provides that a respondent shall file an answer to the complaint within twenty days after service, or longer if extended by the committee. If a respondent does not respond within the prescribed time, the complaint shall be deemed admitted.

a hearing to present evidence in mitigation, and did not object to the report and recommendation of the Hearing Committee. The Commission must agree with the Committee that Secrist lacks the character, ethics, and fitness to practice law in this state. The Commission recommends that Secrist be disbarred.

RESPECTFULLY SUBMITTED this ___ day of _____, 1994.

/s/ Steven L. Bossé
Steven L. Bossé, Chairman
Disciplinary Commission